WO                                                                                                    JL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brett William Goss, | No. CV 21-00234-PHX-MTL (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| J. Adam Shepherd, et al., | |
| Defendants. | |

On February 8, 2021, Kenneth James Myers and 40 others, who are all or were confined in the Gila County Jail in Globe, Arizona, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. In a February 16, 2021 Order, the Court dismissed the action and directed the Clerk of Court to open a new separate action on behalf of each Plaintiff. The Court gave each Plaintiff 30 days to (1) pay the filing and administrative fees for his individual case or file an Application to Proceed In Forma Pauperis and a certified six-month trust account statement and (2) file an amended complaint in his individual case.

This case was opened for Plaintiff Brett William Goss (hereinafter, "Plaintiff"). On March 11, 2021, Plaintiff filed a First Amended Complaint and an Application to Proceed In Forma Pauperis. In a March 18, 2021 Order, the Court granted the Application to Proceed and dismissed the First Amended Complaint with leave to amend because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

TERMPSREF

On April 1, 2021, Plaintiff filed a Second Amended Complaint. In an April 20, 2021 Order, the Court dismissed the Second Amended Complaint with leave to amend because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a third amended complaint that cured the deficiencies identified in the Order.

On May 19, 2021, Plaintiff filed a Third Amended Complaint (Doc. 11). The Court will require Defendant Shepherd to answer Count One of the Third Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual

allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## II.    Third Amended Complaint

In his three-count Third Amended Complaint, Plaintiff sues Gila County Sheriff J. Adam Shepherd, Jail Commander Justin Solberg, and Head Health Coordinator Penni Padgett. Plaintiff asserts claims regarding his conditions of confinement. He seeks monetary relief.

In Count One, Plaintiff alleges that from May 19, 2020 to the present, Defendant Shepherd failed to prevent the spread of COVID-19. Plaintiff asserts that Defendant Shepherd has not mandated COVID-19 testing for detainees already housed in the Gila County Jail or incoming detainees. Plaintiff claims Defendant Shepherd also has not mandated that correctional staff or detainees wear masks and has not implemented 14-day quarantine for incoming detainees. Plaintiff alleges that between May 19, 2020 and January 2021, Defendant Shepherd never mandated the use of sanitizing products to clean cells and never provided such products. Plaintiff asserts that in January and February 2021, detainees "were contracting" COVID-19, and as a result, cells were cleaned and sanitized three times in those two months. Plaintiff claims that Defendant Shepherd has not provided detainees with proper masks "for protection" or provided space for social distancing, even after detainees were released and space became available. Plaintiff alleges that due to Defendant Shepherd's inaction, Plaintiff contracted COVID-19 and lost his sense of smell and taste. Plaintiff also had difficulty breathing and now suffers from post-traumatic stress disorder and fatigue.

In Count Two, Plaintiff alleges that from May 19, 2020 to the present, Defendant

Solberg "has been in control of day to day operations" at the Jail. Plaintiff asserts that in that time, Defendant Solberg has not quarantined incoming detainees. Plaintiff claims that from August 2020 to January 2021, he asked Defendant Solberg "daily" for a "mask for PPE," but Solberg denied all his requests. Plaintiff alleges Defendant Solberg either told him "no" or that he did not "need anything" or "simply ignore[d]" his requests. Plaintiff asserts that Defendant Solberg also allowed "all food trays to travel through all pods" in the Jail, whether those pods were "affected" by COVID-19 or not.

On January 20, 2021, Plaintiff became very ill. He asked Defendant Solberg for PPE masks, a COVID-19 test, and to be quarantined. Defendant Solberg told Plaintiff it was "not necessary" and that masks "were not being mandated." On January 24, 2021, Plaintiff tested positive for COVID-19. Plaintiff asked Defendant Solberg to be quarantined, but Solberg told Plainitiff "that was not warranted." Plaintiff claims that because of Defendant Solberg's actions, Plaintiff contracted COVID-19 and suffered the injuries described in Count One.

In Count Three, Plaintiff alleges that beginning in August 2020, he asked Defendant Padgett "several times" to be provided with a mask, but Padgett ignored his requests or refused to provide him a mask. In January 2021, Defendant Padgett refused to quarantine Plaintiff after he tested positive for COVID-19. As a result, the "whole" pod "contracted COVID-19." From May 19, 2020 to the present, Defendant Padgett has never mandated or promoted social distancing and did not provide masks or sanitizing products to help stop the spread of COVID-19.

**III.    Discussion of Third Amended Complaint**

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658

(1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

A pretrial detainee has a right under the Due Process Clause of the Fourteenth Amendment to be free from punishment prior to an adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "Pretrial detainees are entitled to 'adequate food, clothing, shelter, sanitation, medical care, and personal safety.'" *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982)). To state a claim of unconstitutional conditions of confinement against an individual defendant, a pretrial detainee must allege facts that show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

Whether the conditions and conduct rise to the level of a constitutional violation is an objective assessment that turns on the facts and circumstances of each particular case. *Id.*; *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005). However, "a de minimis level of imposition" is insufficient. *Bell*, 441 U.S. at 539 n.21. In addition, the "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (quoting *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). Thus, a plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

### A.  Defendant Shepherd

Defendant Shepherd is not liable simply because he is the supervisor of persons who allegedly violated Plaintiff's constitutional rights. *Monell*, 436 U.S. at 658. However, liberally construed, Plaintiff has stated a claim in Count One against Defendant Shepherd for failing to implement policies and procedures to prevent the spread of COVID-19. *See Palmer v. Vasquez*, 696 F. App'x 782, 784 (9th Cir. 2017) (if defendant was responsible for the prison's policies, "[]he could be liable under § 1983 if Plaintiffs could show that the . . . policy or lack thereof was 'so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation.'") (quoting *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013)). Thus, the Court will require Defendant Shepherd to answer Count One.

### B.  Defendant Solberg

Plaintiff alleges that Defendant Solberg did not quarantine incoming detainees, but Plaintiff fails to allege facts to support a conclusion that Solberg was aware of and disregarded a substantial risk of harm to Plaintiff as a result of not quarantining incoming detainees. Plaintiff also claims that for six months, he asked Defendant Solberg "daily" for a mask. Plaintiff does not allege any facts to support a conclusion that Defendant Solberg was aware of and disregarded a substantial risk of harm to Plaintiff by failing to quarantine incoming detainees or by denying his requests for a mask. Plaintiff does not allege that he was an increased risk of contracting COVID-19 or that Solberg was aware of any increased risk. Likewise, Plaintiff's allegation that Defendant Solberg allowed food trays to travel between pods is insufficient to support a conclusion that Solberg was aware of and disregarded a substantial risk of harm to Plaintiff. Finally, Plaintiff alleges that after

he became ill and tested positive for COVID-19, he asked Defendant Solberg for PPE masks and to be quarantined, but Solberg denied his requests. Plaintiff's allegations do not support a conclusion that *after* he had already contracted and tested positive for COVID-19, Defendant Solberg was aware of and disregarded a substantial risk of serious harm to *Plaintiff* by deciding not to provide him a mask or quarantine him. Even if Defendant Solberg's decisions put other detainees at risk, that does not support a conclusion that *Plaintiff* was injured by that decision. Thus, Plaintiff has failed to state a claim against Defendant Solberg, and this Defendant will be dismissed, as will Count Two.

### C. Defendant Padgett

Plaintiff's allegations against Defendant Padgett are too vague and conclusory to state a claim. Plaintiff alleges that he asked Defendant Padgett several times for a mask, but he does not allege any facts to support a conclusion that Padgett was aware of and disregarded a substantial risk to *Plaintiff* in denying his requests. Plaintiff's allegation that Defendant Padgett did not quarantine him after he tested positive for COVID-19 does not support a conclusion that Padgett was aware of and disregarded a substantial risk to Plaintiff by not placing him in quarantine. As noted above, even if Defendant Padgett's decision not to quarantine Plaintiff put other detainees at risk, that does not support a conclusion that *Plaintiff* was injured by that decision. Thus, the Court will dismiss without prejudice Count Three and Defendant Padgett.

## IV. Warnings

### A. Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule

TERMPSREF

83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Counts Two and Three are **dismissed** without prejudice.

(2)   Defendants Solberg and Padgett are **dismissed** without prejudice.

(3)   Defendant Shepherd must answer Count One.

(4)   The Clerk of Court must send Plaintiff a service packet including the Third Amended Complaint (Doc. 11), this Order, and both summons and request for waiver forms for Defendant Shepherd.

(5)   Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6)   If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Third Amended Complaint on Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

TERMPSREF

(7) The United States Marshal must retain the Summons, a copy of the Third Amended Complaint, and a copy of this Order for future use.

(8) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order.

(9) If Defendant who agrees to waive service of the Summons and Third Amended Complaint, Defendant must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(10) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, Third Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Third Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(11) Defendant Shepherd must answer Count One of the Third Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) This matter is referred to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 26th day of May, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

TERMPSREF