WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brett William Goss, | No. CV-21-00234-PHX-MTL (JFM) |
| Plaintiff, | **ORDER** |
| v. | |
| J Adam Shepherd, et al., | |
| Defendants. | |

In this civil rights action, Goss sued Gila County Sheriff Shepherd for his failure to prevent the spread of COVID-19 in the Gila County Jail.

Defendant seeks dismissal of this action based on Plaintiff's failure to participate in discovery, comply with Court Orders, and delays in updating his address (Doc. 36). Plaintiff did not respond to the motion. The Court will grant the motion and dismiss this action without prejudice.

In September 2021, Defendant issued discovery requests to Plaintiff; the responses were due on October 4, 2021. Although Plaintiff indicated he would mail responses, none were received. Defendant inquired and sought Plaintiff's responses by October 25, 2021, but Plaintiff did not submit any responses or respond to Defendant's inquiry. Defendant filed a motion to compel on November 1, Plaintiff did not respond, and the Court granted the motion, and directed that Plaintiff must serve his responses to interrogatories, request for production, and request for admissions no later than December 14. Plaintiff failed to comply, and Defendant seeks dismissal of this action for

failure to prosecute.

In *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197 (1958), the Supreme Court held that the question of whether dismissal should be ordered because of noncompliance with a discovery order "depends exclusively upon Rule 37" and that "[t]here is no need to resort to Rule 41(b)." *Id.* at 207. Rule 37(b)(2)(A) empowers the Court to issue appropriate sanction orders when a party fails to comply with discovery orders, including an order that the subject matter of the discovery shall be taken to be established in accordance with the defendant's defense, or that the plaintiff may not support or oppose designated claims or defenses or introduce designated matters into evidence, or dismissing the action in whole or in part, or finding the plaintiff to be in contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii); *see also Roadway Express v. Piper*, 447 U.S. 752, 763 (1980). The Court retains broad discretion in selecting the appropriate sanction, but if the sanction ordered is less than dismissal, the plaintiff's noncompliance need not be proven to be willful or in bad faith. *See, e.g., Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 843–44 (9th Cir. 1976); *see also Societe Internationale*, 357 U.S. at 208. If, however, the contemplated sanction is dismissal, dismissal is appropriate only if the plaintiff's noncompliance is "due to wilfulness, bad faith or fault." *Henry v. Gill Industries*, 983 F.2d 943, 946 (9th Cir. 1993) (citation omitted); *see also Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). This requirement, however, does not require a finding of wrongful intent or any particular mental state. Rather, "[d]isobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003) (citation omitted); *see also Henry*, 983 F.2d at 948 (same).

Conduct outside of Plaintiff's control would counsel against a finding of willfulness. *See Jorgensen*, 320 F.3d at 912. But Plaintiff's refusal to respond in any way to Defendant's discovery requests, inquiry, and the Order on the motion to compel is not outside his control. The Court, therefore, considers Plaintiff's continued recalcitrance

and refusal to respond in any meaningful way to Defendant's discovery requests to be willful. *Henry*, 983 F.2d at 946 (dismissal is appropriate if the plaintiff's noncompliance is "'due to wilfulness, bad faith or fault.'") (citation omitted).

Further, whenever contemplating dismissal as a sanction, the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henry*, 983 F.2d at 948 (applying *Henderson* factors to Rule 37 sanction of default for failure to comply with discovery rules).

Here, the first two factors favor dismissal. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Plaintiff's failure to participate in the discovery process precludes this case from proceeding.

The third factor weighs in favor of dismissal. "[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant . . . ." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994) (internal quotation omitted).

Public policy favors disposition of cases on their merits, so the fourth factor weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

The fifth factor requires the Court to consider whether a less drastic alternative is available. But the Court need not exhaust every sanction short of dismissal before finally dismissing a case. *See Henderson*, 779 F.2d at 1424. The Court finds that the only less drastic sanction available is dismissal without prejudice. *See* Fed. R. Civ. P. 41(b) (unless otherwise ordered, dismissal under Rule 41(b) operates as an adjudication on the merits); *see also Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("dismissal without prejudice is a more easily justified sanction for failure to prosecute").

In sum, the five-factor analysis weighs in favor of dismissal. Due to Plaintiff's failure to respond to Defendant's discovery requests or comply with the Court's Order,

the Court will grant Defendant's motion to dismiss and dismiss the Complaint without prejudice.[1]

**IT IS THEREFORE ORDERED** that the reference to the Magistrate Judge is withdrawn as to Defendant's Motion to Dismiss (Doc. 36), and the motion is **granted** as discussed herein. This action is dismissed without prejudice, and the Clerk of Court must enter judgment accordingly.

Dated this 11th day of March, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

---

[1] Because the Court finds that Plaintiff's discovery violations support dismissal, the Court need not reach Plaintiff's general failure to prosecute or his prior failure to update his address.